132

000 people, but it is a futile brutum fulmen impotent to deprive the farmer of any just benefit the statute may afford, or to bring the judiciary to heel at executive command.

Abuse of executive power is notorious, and grows by what it feeds upon. It tends to dominate both legislative and judicial, and unless the axiom to "resist the beginnings" be heeded, it is not unlikely that little by little it will supersede both, undermine and overthrow the Constitution, and upon the ruins of the latter erect some variety of social organization its antithesis.

But as yet the Constitution like the flag is "still there," and the judiciary by it created equal to and independent of the executive, in that vital character still survives, however it be news, a surprise and displeasing to Washington. And no federal court will betray its trust, impeach its honor, degrade its character, sanction executive arrogance and usurpation, breach the Constitution and imperil the nation, by submission of any its judicial acts to executive scrutiny, dictation, or control.

Incidentally, the author of the circular is not the first Attorney General to be obsessed by a delusion that federal courts are little more than appanages of his and the executive office.

The petition is granted, and N. A. Wilkins is appointed referee to be known as conciliation commissioner for service in said county as in said petition prayed.

Fleming, Hamilton, Diver & Lichliter, and L'Engle & Shands, all of Jacksonville, Fla., for plaintiffs.

Refuto Blake and Bradley & Wehle, of St. Petersburg, Fla., for defendants.

Before BRYAN and SIBLEY, Circuit Judges, and RITTER, District Judge.

PER CURIAM.

The facts as stated in the bill are uncontested. The city of St. Petersburg relies upon H. B. No. 766 of the Laws of Florida, enacted in 1933 (chapter 16251). The construction of that act presents difficulties, but assuming that it authorizes the ordinance passed by the city of St. Petersburg, which directed its tax officers to accept in payment of all city taxes levied in 1931 and previous years bonds and past-due coupons of the city in lieu of money, we are of opinion that the ordinance and the act of the Legislature upon which it rests, for the reasons stated in Crummer v. City of Ft. Pierce (D. C.) 2 F. Supp. 737, and in McNee v. Wall (D. C.) 4 F. Supp. 496, decided 22d of August, 1933, are contrary to section 10 of article 1 of the Constitution of the United States as impairing the obligation of the contract between the city and its bondholders. For this cause the application for interlocutory injunction is granted.

### KEEFE et al. v. CITY OF ST. PETERSBURG et al.

District Court, S. D. Florida, Tampa Division.
Aug. 24, 1933.

### HALFF v. UNITED STATES.
No. M–309.

Court of Claims.
Dec. 4, 1933.

